# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-0043V

|  |  |
|---|---|
| BRIANNA AGUILAR,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2023 |

*Elizabeth Ann Govaerts*, Powers Law, Lincoln, NE, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 12, 2022, Brianna Aguilar filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 17, 2019. Petition, ECF No. 1. On June 15, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $10,608.68 (representing $9,549.00 in fees plus $1,059.68 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Aug. 8, 2023, ECF No. 54. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 58-1. Respondent reacted to the motion on Aug. 8, 2023, reporting that he does not object to the overall amount sought. ECF No. 55. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests the rate of $360 per hour for attorney Elizabeth Ann Govaerts for all time billed in the 2020-23 timeframe. Ms. Govaerts has been a licensed attorney since 1991 (ECF No. 54-1), placing her in the rage of attorneys with 31+ years' experience based on the OSM Attorneys' Fee Schedules.[3] I find this hourly rate to be reasonable and shall award it herein.

*B. Paralegal Tasks Billed at Attorney Rates*

There are several instances evident from the submitted invoices in which tasks that are considered paralegal in nature were billed at an attorney's hourly rate. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

From review of the billing records, it appears approximately 2.70 hours were billed on tasks considered paralegal in nature.[4] Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **Accordingly, I reduce Attorney Govaerts hourly rate for all tasks considered paralegal in nature to a rate of $150 per hour.** This results in a reduction in the amount of fees to be awarded herein by **$540.00**.[5]

---

[3] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

[4] Examples of such billing entries are as follows: 2.70 hours billed on: 12/2/20: "Records request Kruse, Huributt," 9/2/21: "Medical Request to Bryan College of Health Science," 9/15/22; and 9/30/22. *See* ECF No. 54-1 at 4-5.

[5] This amount is calculated as follows: ($360 - $150 = $200 x 2.70 hrs = $540.00).

## ATTORNEY COSTS

Petitioner requests $1,069.58 in overall costs. ECF No. 54-1. Such costs reflect the expense of obtaining medical records and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $271.99 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[6] ECF No. 57. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of such costs, reducing the total amount of litigation costs to be awarded by **$271.99.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$9,806.59 (representing $9,009.00 in fees and $797.59 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Elizabeth A. Govaerts.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Examples of the unsubstantiated costs: 5/26/21: "Prairie Othopaedic & Plastic Surgery," and 9/3/21: "Bryan Health-HIM." See ECF No. 54-1 and ECF No. 57.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.